■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BONILLA, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered February 17, 1988, convicting defendant, after a jury trial, of assault in the second degree and petit larceny and sentencing defendant to concurrent terms of imprisonment of 3½ to 7 years and one year, respectively, unanimously affirmed.

On January 25, 1987, at approximately 4:00 P.M., James Hivnor was walking on 83rd Street in Manhattan when he heard a car alarm go off and saw the car's lights flashing. Hivnor saw defendant move from behind the car carrying clothing and luggage, and gave chase. He was ultimately joined by two doormen, Victor Medina and Carlos Aviles, and Aviles detained the defendant while Medina went to get the police. Defendant attempted to escape and there was a struggle, in the course of which defendant pulled out a box cutter, a small razor-knife, and slashed Aviles' hand.

Defendant testified at trial, admitting a larceny from the automobile, and further acknowledging that he cut Aviles' hand with the box cutter. Nevertheless, defendant claims that his conviction for assault should be reversed because he was acting in self-defense, and because Aviles supposedly had no authority to arrest him because he did not commit the petit larceny in Aviles' presence. Self-defense was argued to the jury and rejected, and we find no basis in the record to reverse that determination. We need not reach the issue of whether Aviles had the right to arrest the defendant under CPL 140.30 (1) because, even if the arrest was unjustified, defendant was not permitted to use deadly physical force, which is only justified in situations described in Penal Law § 35.15 (2). We have examined defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.